### Knouse v. Knouse.

*Husband and wife—Custody of child—Habeas corpus—Choice of child—Conduct of parents.*

1. In making disposition of cases involving the care and custody of children, it is the court's paramount duty at all times to have regard for the best interests of the child.

2. In the absence of all evidence on the subject, where the child is of tender years, the natural presumption is that its interests will be best subserved by committing it to its mother's care. This, however, is not in a *presumptio juris et de jure*, and it may be rebutted.

3. A wife, guilty of adultery, deserted her husband without cause and withdrew to the home of her mother, taking with her a five-year old daughter. The daughter ran away from her mother and returned to her father's home and showed a preference to remain with her father: *Held*, that the wife's petition for a writ of *habeas corpus* should be dismissed and the child remanded to the care and custody of her father.

Petition for writ of *habeas corpus*. C. P. Snyder Co., Oct. T., 1922, No. 108.

*Charles P. Ulrich,* and *Jay G. Weiser,* for relatrix.

*A. Francis Gilbert,* for respondent.

POTTER, P. J.—At the instance of the relatrix a writ of *habeas corpus* was sued out in order to obtain the custody of the five-year old daughter of the respective parties to this suit.

The relatrix and the respondent are husband and wife, who have not been living together for upwards of two years, the wife having deserted the husband; no sufficient cause for which has been shown by her. Two other children, daughters of fourteen and eleven years respectively, were born to these two parties, who were and are in the custody of the father; the third daughter, who is the subject of this contention, having been, until lately, in the custody of the mother.

The father is about thirty-six years old, is fairly prosperous, and resides on a small farm, which he claims to own. The mother is thirty-one years old and resides with her mother, an old lady, who lives only a short distance from their former home, which has been for some time, and is now, occupied by the father.

The father has repeatedly invited the mother to come to his home and resume the marriage relation, which, for some reason unknown to us, has

3 D. & C.

been, up to the present time, refused. Since the mother has persisted in her desertion of her husband, he has been obliged to secure the services of a competent housekeeper, who, with the assistance of the two older daughters, performs the duties incident to the household and farm-work of the father's home. The father has amply provided for the family, both before and since the desertion of the mother, this not including the mother since her desertion. The three children are now with the father. Strong proof was produced tending to show that the mother was guilty of adultery with one Charles Fessler; that she was caught in bed with him on several occasions in the home of the husband; that they had gotten together on several trips taken to the State of Ohio; that the two older daughters had seen her in bed with him, and that when the older daughter called her and asked her to leave the bed of the said Fessler, the mother replied that she would leave when she was ready. Several letters, written by her, produced in court, also tend to prove her adultery with Fessler.

Testimony was produced tending to show that the five-year old daughter runs away from the home of the grandmother, the present abiding place of the mother, and goes to the home of the father, to him and to the two sisters, and that she wants to be with them. We could not help but be impressed by the manner in which this small child remained with her father during the hearing of this case in the court-room.

We are asked to award the custody of this child of tender years to the mother.

In making disposition of this case, we must remember that it is our paramount duty at all times to have regard to the best interests of this child: Laciar *v.* Laciar, 7 Pa. C. C. Reps. 97.

The mind of a child is very retentive, and impressions made and things seen will never be forgotten. It is most important, therefore, that all those things which tend to debauch the minds of children be far removed from them. The rising generation are to form the bone and sinew of the nation after we are gone, and as these children are reared, so will be the nation at large, either for good or for evil.

In the absence of all evidence on the subject, where, as here, the child is of tender years, the natural presumption is that its interest will be best subserved by committing it to its mother's care. This, however, is not a *presumptio juris et de jure*, but it may be rebutted. The difficulty is not with the law, but in the application of it.

The relatrix starts out with the presumption in her favor. We grant that she has maternal love for her child. She would be a human prodigy did she not have it. But is she setting such an example to her small daughter as will instill into her mind that virtue is the one great possession of womankind? Will her example be hurtful to this child in years to come? Reared in such an atmosphere as this, will this young daughter tend to walk in the footsteps of her mother, or will she grow up into virtuous womanhood?

We are inclined to believe the child will see no wrong in the parent, and, as children naturally will do, will imitate her.

Then again, this child, although of tender years, according to the evidence produced, desires to be with her father and her two sisters, so much so, as to cause her to run away from her mother and go to their residence. This fact ought also to have some weight, along with other circumstances, with the court in determining in whose custody the child rightfully belongs, so that its best interests may be subserved.

Knouse v. Knouse.

Then we have the fact that this wife and mother deserted her home, her husband and her children, for which no justification has been shown by her.

Where a wife has separated herself from her husband without just cause, an infant child will not be taken from his custody, he being shown to be the proper custodian: Com. v. Potter, 3 Luzerne Legal Reg. 209.

We are amply satisfied that the father can well, and will well, care for and provide for his children, and, from the proof produced, we feel satisfied that the moral education of these three children will be better promoted in his care than in the care of the mother, taking into consideration her present surroundings, her residence and her associations.

Where a wife deserts her husband and without cause, the latter is entitled to the custody of his children: Com. v. Davison, 4 Dist. R. 103.

Where a wife, after deserting her husband, returned to him two of the children, aged two and five years, and he provided a better home for them than she could provide, a writ of habeas corpus, brought by her to recover them, will be dismissed: Com. v. Shaible, 15 Dist. R. 725.

Where the mother's conduct has extended over a period of time and there is doubt as to her reform, and it is important the child be shielded from the influences which surround it, the custody of the child will be given to the father where he is a fit party, and it is the duty of the court to consider the fitness of the father and the mother: Com. v. Betge, 23 Dist. R. 185.

In deciding which parent shall have the custody of a minor child, under the Act of June 26, 1895, P. L. 316, the court should consider competency, character and conduct of parents; age, sex and health of the child; and preference of the child when of proper age to express preference. There are many other minor considerations which may partly influence the decision of the court: Sherman's Petition, 19 Lacka. Jurist, 300.

These cases are cited to show how questions like this one have been regarded by other courts, and our line of reasoning tallies with them to the letter.

From the facts, as shown by the evidence produced, and applying the law as we find it, we must dismiss the petition.

The cases of Demott v. Com., 64 Pa. 302, and Com. v. The Friends' Home for Children, 7 Dist. R. 653, relied upon and cited by counsel for the relatrix, are not in line with the case at bar. In neither of these two cases was any moral misconduct charged against the wife and mother.

And now, to wit, Sept. 25, 1922, for the reasons given in this opinion, the petition for the writ is dismissed, and it is ordered that Anna Mary Knouse, the minor daughter of the parties to this suit, be remanded into the care and custody of her father, Francis Knouse, there to remain until further order of this court; the said mother, Lydia A. Knouse, however, to be permitted to visit the said child, Anna Mary Knouse, at the home of the said Francis Knouse, three half-days each week, the same to be permanently selected by the father. It is further expected that each of these parties, viz., Francis Knouse and Lydia A. Knouse, will not in any way prejudice, or attempt to prejudice, cause or allow, the mind of the said Anna Mary Knouse to be prejudiced against the opposite party, but each must act in good faith towards the other.

It is further ordered that the writ in this case stand over as a pending writ, subject always to such further order as may hereafter be adjudged for the best interest and welfare of the said minor.

The costs of this proceeding to be paid by the relatrix. All of which is the unanimous expression of the full court.